James H. FINLEY, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART,* Commission-
er of Social Security Administra-
tion, Defendant—Appellee.

No. 01–17093.
D.C. No. CV–00–20870–EAI.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2003.**

Decided Feb. 14, 2003.

---

* Jo Anne B. Barnhart, is substituted for her predecessor, Larry G. Massanari, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SILVERMAN and GOULD, Circuit Judges and WEINER,*** District Judge.

## MEMORANDUM****

James Finley appeals the district court's summary judgment affirming the Administrative Law Judge's (ALJ's) denial of Social Security disability insurance benefits and supplemental security income under Title II and Title XVI, respectively. We review *de novo* the district court's judgment affirming a denial of social security benefits. *Frost v. Barnhart*, 314 F.3d 359, 366–67 (9th Cir.2002). Because the ALJ did not consider the framework of the medical-vocational guidelines in evaluating the vocational expert's testimony, we remand for further consideration.

■ First, Finley contends that the ALJ failed properly to accord controlling weight to the medical opinion of Finley's treating physician. If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence stating his interpretation thereof and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). Here, the ALJ applied correct procedure in rejecting the medical opinion of Finley's treating physician, by considering the contradicting evidence of two physicians that examined Finley, substantial conflicting medical evidence in the record and Finley's own conflicting testimony about his medical condition. This satisfies the rule set forth in *Magallanes*.

■ Second, Finley contends that the ALJ improperly rejected his subjective complaints about his medical condition. For the ALJ to reject Finley's subjective complaints, the ALJ must articulate "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834. We conclude that the ALJ did articulate specific and cogent reasons for his finding that Finley was "not entirely credible" on the subject of his subjective complaints. These include: (1) the fact that Finley continued to work after the date he claimed to be disabled, (2) the lack of evidence suggesting that Finley's chronic obstructive pulmonary disease had worsened compared to when he was able to work, and (3) the lack of evidence that Finely sought medical treatment or took prescription medications for his conditions, when coupled with a failure to show an inability to afford medical care. On the subject of Finley's credibility, the ALJ also found that Finley's continuing to smoke cigarettes was inconsistent with his complaints of severe shortness of breath and chest tightening. Assuming *arguendo* that this finding does not support the ALJ's credibility determination, the fact remains that the other findings do.

■ Finally, Finley contends that the ALJ failed properly to rely upon the medical-vocational guidelines ("guidelines"). Once a claimant establishes a *prima facie* case of disability by demonstrating that he or she cannot return to his or her former employment, the burden shifts to the Secretary to show that the claimant can per-

*** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

form other types of work in the national economy, given the claimant's age, education, and work experience. *Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir.1988). The Secretary can satisfy this burden by *either* (1) "applying the Medical–Vocational Guidelines … in appropriate circumstances" or (2) "taking the testimony of a vocational expert." *Id.* But, the ALJ must reject the vocational testimony if it is inconsistent with the guidelines overall framework. *Swenson v. Sullivan,* 876 F.2d 683, 688 (9th Cir.1989). Because the ALJ did not consider whether the framework of the guidelines was consistent with the testimony of the vocational expert, we remand to the ALJ to make this determination.

**AFFIRMED in part, VACATED in part, and REMANDED.**